### NEWMAN, Plaintiff-Appellee, v. NEWMAN, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22165. Decided December 17, 1951.

Ralph R. Levenson, Cleveland, for plaintiff-appellee.
Spieth, Spring & Bell, Cleveland, for defendant-appellant.

(HUNSICKER, PJ, DOYLE, J, of the 9th District; NICHOLS, J, of the 7th District, sitting by designation in the 8th District.)

**OPINION**

By NICHOLS, J:

The parties to this proceeding were divorced by decree of the Court of Common Pleas of Cuyahoga County, entered on May 15, 1945, and the custody of their two children, Robert and Patricia, was awarded to the father. Both parties have re-married, and have established separate homes with their respective consorts.

Subject to the divorce decree and original order, the mother filed several motions, some for custody of the children, and others for citation of the father for contempt of court. Disposition of one of said motions was made by the court pursuant to the agreement of the parties, whereby custody of the boy, Robert, was awarded to the mother, and of the girl, Patricia, to the father, with right of visitation to each party.

Subsequent to the last mentioned order, the mother filed a new motion asking the court to award the custody of the daughter, Patricia, to her, basing her claim largely on the alleged abuse and mistreatment of this child by the new wife of the father.

Under §11979-4 GC, the trial court directed its duly appointed officer to make investigation and report of its finding, after which the motion was heard by the court upon the testimony of a number of witnesses, presented on behalf of the mother, and upon the report and recommendation of the investigating officer, the admission of such report as evidence being expressly authorized by §11979-4 GC, and its admission in evidence also agreed to by both parties.

After hearing all of the evidence adduced, together with the report of the investigator, no witnesses being produced on behalf of the father, the court, on its own motion, and apparently concurred in by both parties, took the child Patricia, then aged eight years, into his chambers and privately interviewed her and subsequently dictated into the record the result of such interview, after which on motion of the father, the court dismissed the mother's motion for change of custody of the child Patricia.

From the order of the court dismissing such motion, appeal

on questions of law has been prosecuted to this Court by the mother of that child.

We will refer to the mother as appellant, and to the father as appellee.

Although no motion has been made by appellee to dismiss this appeal on jurisdictional grounds, this court has given consideration to the matter of its jurisdiction to entertain the appeal, and has arrived at the conclusion that the order of dismissal may be reviewed herein on appeal on questions of law, in accordance with the decision of the Supreme Court of Ohio in the case of **Neil v. Neil, 38 Oh St 558,** the second paragraph of the syllabus of that case being as follows:

"2. An order dismissing a petition in a proceeding to modify a final order with respect to the custody of children in a divorce suit, may be reviewed on error."

It is no longer debatable that in making custodial orders relating to minor children of divorced parents, the paramount consideration is the best interests of said children.

Without setting forth herein the evidence contained in the testimony of the witnesses, or the report of the investigator who strongly recommended the change of custody of the child Patricia, from the appellee to appellant, this Court finds overwhelming and uncontradicted evidence of abuse and misuse of Patricia by appellee's present wife and her lack of affection for this child, whereby she is little less than a scullery servant and required to look after and care for the small children of appellee and his present wife, who curses and beats her for apparently trivial causes, whereby the child lives in constant fear of her stepmother, making it no longer for her best interests but positively against her best interests, to allow her to remain in the custody of the appellee.

This Court further finds that the appellant and her present husband have provided a proper home for Patricia where she will have the loving care of a mother and the companionship of her brother, Robert.

As shown by the bill of exceptions filed herein by appellant, the trial court sets forth therein the result of his interview with Patricia, stating that the child did not know the nature of an oath but that the court believed that she knew what it is to tell the truth and that she stated she desired to stay with her father. The result of such interview lead the court to dismiss the appellant's motion for change of custody. It is thus seen that the trial court in effect permitted this eight year old child who was not capable of being sworn as a witness, to make choice of custody as between her parents, whereas by statute, §8033 GC, effective January 1, 1946, the child may do so only after arriving at the age of fourteen years.

We find the order of the trial court in thus dismissing the appellant's motion for change of custody to be prejudicially erroneous, against the best interests of the child Patricia, and that the best interests of this child demand the change of her custody.

Coming now to make the order which the trial court should have made under the overwhelming and uncontroverted evience, the motion of appellant filed in the trial court is sustained and the custody of the child Patricia is awarded to the appellant. The appellee shall have the same rights of visitation with this child as he now has, by order of the common pleas court, in relation to the child, Robert.

The judgment of the Common Pleas Court is reversed and final judgment is entered for the appellant as above indicated. Exceptions. Order see journal.

HUNSICKER, PJ, DOYLE, J, concur.